**No. 26-2024**

# United States Court of Appeals for the Ninth Circuit

ARIZONA ALLIANCE FOR COMMUNITY HEALTH CENTERS; CANYONLANDS HEALTHCARE; CHIRICAHUA COMMUNITY HEALTH CENTERS; DESERT SENITA COMMUNITY HEALTH CENTER; MARIPOSA COMMUNITY HEALTH CENTER; MARANA HEALTH CENTER; MOUNTAIN PARK HEALTH CENTER; NATIVE HEALTH; NORTH COUNTRY HEALTHCARE; SUN LIFE FAMILY HEALTH CENTER; SUNSET COMMUNITY HEALTH CENTER; UNITED COMMUNITY HEALTH CENTER - MARIA AUXILIADORA, INC.,

*Plaintiffs-Appellees,*

– v. –

ARIZONA HEALTH CARE COST CONTAINMENT SYSTEM; ROBERTA HARRISON, replacing Carmen Denise Heredia pursuant to FRAP 43(c)(2),

*Defendants-Appellants.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ARIZONA IN NO. 4:19-CV-00517-JGZ, HONORABLE JENNIFER G. ZIPPS, CHIEF DISTRICT JUDGE

## DEFENDANTS-APPELLANTS' RESPONSE TO PLAINTIFFS-APPELLEES' MOTION TO STRIKE

CAROLINE M. BROWN
BROWN & PEISCH PLLC
*Attorneys for Defendants-Appellants*
1220 19th Street, NW, Suite 210
Washington, DC 20036
(202) 499-4258

Plaintiffs-Appellees' Motion to Strike (Docket Entry 24.1) portions of Defendant-Appellants' Reply Brief should be denied. The motion was filed almost a month after the reply brief was filed and without contacting undersigned counsel as required by the Advisory Note to this Court's Rule 27-1, despite the apparent lack of any "extreme time urgency" that would preclude such consultation.

Plaintiffs ask the Court to strike the portions of the reply brief filed by the Arizona Health Care Cost Containment System (AHCCCS) that reference the Centers for Medicare & Medicaid Services' (CMS) approval of a State Plan Amendment (SPA) to the Arizona Medicaid State Plan on September 24, 2026. The SPA approval is not material to the issues that AHCCCS has asked this Court to address on appeal, which are "whether Plaintiffs have a private right of action enforceable under Section 1983 with respect to Section 1396a(bb) of the federal Medicaid Act" and "whether Defendants violated Section 1396a(bb) by applying the same limits on the amount and scope of coverage for services furnished by FQHCs as they apply to non-FQHC providers." AHCCCS Opening Brief, at 4. Neither of those questions turns on CMS's approval of the plan amendment. *See* AHCCCS Reply Brief at 4 (question presented does not "turn[ ] on CMS's approval of Arizona's state plan amendment"); *id.* at 14 ("SPA approval does not moot this appeal[.]")

CMS's approval is relevant, however, to certain statements and arguments in Plaintiffs' Answering Brief, including that "[c]hanges to a state's Medicaid program require the state's submission of a state plan amendment;" that "Arizona's State Plan contains no express limitation on the mandatory FQHC Services benefit" beyond the requirement that it be authorized by an appropriate entity; that "[w]hen CMS approves a SPA . . . CMS 'implicitly approve[s the state's] interpretation of the Medicaid Act;" and that "no subsequent SPA . . . ever mentioned FQHCs or the FQHC Services benefit." *See* Appellees' Answering Brief, at 5, 11, 30, 32. For this reason, AHCCCS believes it is important for the Court to be aware of the CMS approval.

Plaintiffs' motion to strike appears to be premised on the fact that AHCCCS did not separately inform the Court of the CMS approval by request for judicial notice or separate letter, as occurred in the cases that both parties have cited, but instead included reference to the approval only in the brief itself. Motion to Strike, at 4, 6. To remedy that, Defendants are today filing a separate request for judicial notice of the SPA approval. It is Defendants' understanding, pursuant to the Advisory Note to this Court's rule 27.1, that requests for judicial notice are retained for review by the panel assigned to consider the merits of the case, and that "[t]he parties may refer to the materials the request addresses with the understanding that the Court may strike such references and related arguments if it declines to grant the

request." AHCCCS believes that this addresses the concerns raised in Plaintiffs' motion to strike.

Defendants oppose Plaintiffs' corollary request that the case be remanded to the District Court "to consider the impact of the SPA, if any, on its permanent injunction." Motion to Strike, at 7. As Plaintiffs note, they have already filed a motion in the District Court asserting that Defendants' implementation of the SPA is a violation of the court's injunction, even though that injunction states only that Defendants are "permanently enjoined from enforcing or applying limitations on mandatory FQHC . . . services that were not approved by CMS." ER-14. The request for remand from this Court "to consider the impact of the SPA, if any" appears inconsistent with Plaintiffs' pending motion.

More importantly, as explained in AHCCC's Reply brief, remand would not be appropriate or efficient. This case has been pending for seven years and has already been on appeal and remanded once. The parties have fully briefed whether this Court's precedent in *California Association of Rural Health Clinics v. Douglas,* 738 F.3d 1007 (9th Cir. 2013) is still binding precedent or whether the Supreme Court decision in *Medina v. Planned Parenthood South Atlantic,* 606 U.S. 357, 369 (2025), "undercut the theory or reasoning underlying the prior circuit precedent in such a way that the cases are clearly irreconcilable." *Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc). Similarly, the parties have fully briefed the

question of whether the District Court erred in concluding that Arizona was not acting in accordance with the Medicaid statute under its longstanding interpretation of its state plan that the same service limits that applied to non-FQHC providers should also apply to FQHC providers. This Court should decide those questions, which would not be informed by the CMS approval of the SPA or require any remand to the District Court.

Respectfully submitted,

/s/ Caroline M. Brown
Caroline M. Brown
Brown & Peisch PLLC
1220 19th Street NW, Suite 210
Washington, D.C. 20036
(202) 499-4258
cbrown@brownandpeisch.com
*Counsel for Defendants-Appellants*

Dated: November 25, 2026

## CERTIFICATE OF SERVICE

I, Caroline M. Brown, hereby certify that a copy of the foregoing was sent by ECF to all counsel of record.

Dated: November 25, 2026

/*s*/ Caroline M. Brown
Caroline M. Brown